**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DOMINIQUE SANDA MARIE LAX,

    Plaintiff,

v.

CITY OF LAS VEGAS, et al.,

    Defendants.

Case No. 2:26-cv-00813-CDS-NJK

**ORDER**

[Docket No. 4]

Pending before the Court is Plaintiff's motion to appoint counsel.[1]  Docket No. 4.  The Court does not require a response or a hearing.  *See* Local Rule 78-1.

A litigant does not have a constitutional right to counsel to pursue civil rights claims.  *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  "The court may request[2] an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Court will request an attorney for indigent civil litigants in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare."  *See* Oxford English Dictionary (Oxford Univ. Press 2015).  When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970.  "Neither of these considerations is dispositive and instead must be viewed together."  *Id.*

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] To be clear, the Court does not "appoint" counsel in civil cases.  The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants."  *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

1

Here, the Court is not persuaded that requesting an attorney for Plaintiff is warranted. As a threshold matter, Plaintiff has not demonstrated that she is "unable to afford counsel" and the instant motion makes no substantive effort to meet that standard. *See* 28 U.S.C. § 1915(e)(1); *see also* Docket No. 3 (Court's order on Plaintiff's application to proceed *in forma pauperis*). Further, Plaintiff's motion makes no substantive effort to demonstrate that exceptional circumstances exist to justify appointment of counsel. Additionally, the Court cannot conclude that the record shows Plaintiff is likely to prevail on the merits because Plaintiff's motion makes no substantive effort to meet that standard.

Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice. Docket No. 4.

IT IS SO ORDERED.

Dated: April 10, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2