UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Dominique Sanda Marie Lax,

                Plaintiff

v.

City of Las Vegas, et al.,

                Defendants

Case No. 2:26-cv-00813-CDS-NJK

**Order Accepting the Magistrate Judge's Report and Recommendation**

[ECF No. 6]

Pro se plaintiff Dominique Lax initiated this civil-rights action by filing an application to proceed *in forma pauperis*, but the application was not submitted on the court's approved form. ECF Nos. 1, 3. Lax also failed to file a complaint setting forth her claims for relief or to provide contact information as required by the local rules. ECF No. 3. As a result, U.S. Magistrate Judge Nancy J. Koppe denied the application and ordered Lax to: (1) either pay the filing fee or file an application to proceed *in forma pauperis* on the approved form; (2) file a complaint on the approved form; and (3) provide a mailing address. *Id.* The order cautioned Lax that failure to comply would result in a recommendation of dismissal. *Id.* Despite that warning, Lax took no action by the April 10, 2026 deadline. Judge Koppe then issued a report and recommendation (R&R) that I dismiss this action for failure to comply with court orders. ECF No. 6.

I.      Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Lax's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor— the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). This court cannot operate without collecting the required fees, and litigation cannot proceed without a plaintiff's compliance with court orders. Lax's noncompliance and failure to prosecute leaves the court with two options: dismiss the action or allow it to remain pending indefinitely. No sanction short of dismissal would be effective or suitable in this instance, so the fifth factor favors dismissal.

II.       Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation [ECF No. 6] is accepted in its entirety. This action is dismissed without prejudice based on Lax's failure to comply with this court's orders.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: May 4, 2026

_____
Cristina D. Silva
United States District Judge

3